UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1 – 10 using IP addresses 71.165.228.206 and 72.67.78.240,<br><br>Defendants. | No. 2:15-cv-00714<br><br>COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF |

Plaintiff Microsoft Corporation ("Microsoft") files this Complaint against Defendants John Does 1-10 using IP addresses 71.165.228.206 and 72.67.78.240 ("Defendants"), alleging as follows:

**I.  INTRODUCTION**

1. This is an action for copyright infringement, trademark infringement, imposition of a constructive trust, and an accounting of Defendants' ill-gotten gains.

2. On information and belief, Defendants have installed and activated unlicensed Microsoft software on hundreds of computer systems using unauthorized product keys, including certain keys known to have been stolen from Microsoft's supply chain.

3. Based on the volume and pattern of their activation activity, on information and belief, Defendants appear to consist of one or more commercial entities that subsequently

COMPLAINT (No. 2:15-cv-00714) – 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 26711081v1 0025936-002191

distributed those systems to customers who, on information and belief, were unaware they were receiving pirated software.

## II.  PARTIES

4. Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.  Microsoft develops, markets, distributes, and licenses computer software, among other products and services.

5. The true identities of Defendants are not presently known to Microsoft.  On information and belief, Defendants were, at certain times relevant to this complaint, in possession or control of multiple Internet Protocol ("IP") addresses, including 71.165.228.206 and 72.67.78.240, which were used by Defendants in furtherance of the unlawful conduct alleged herein.  On information and belief, these IP address are assigned to Verizon Online LLC, an Internet Service Provider, which in turn assigned them to the Defendants for their use at certain times relevant to this complaint.

## III.  JURISDICTION & VENUE

6. The Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement, and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).  The Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because on information and belief, this action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

7. The Court has personal jurisdiction over Defendants because they purposefully directed their unlawful activities at Washington, and Microsoft's claims arise from those activities.  In activating or attempting to activate pirated Microsoft software, as described below, Defendants reached out and contacted Microsoft servers in Washington, and transmitted information to those servers and Microsoft in Washington.  In addition, Defendants expressly aimed their conduct at Washington because they (1) had actual or constructive knowledge of Microsoft's intellectual property rights (including Microsoft's registered copyrights and

COMPLAINT (No. 2:15-cv-00714) – 2

DWT 26711081v1 0025936-002191

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

trademarks) and Microsoft's residence in Washington; (2) acted, at a minimum, with willful blindness to, or in reckless disregard of, Microsoft's rights; and (3) knew or should have known that their conduct would cause harm to Microsoft in Washington. *See Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668 (9th Cir. 2012).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because Defendants are subject to personal jurisdiction in the Western District of Washington. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010).

9. Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Microsoft resides, (b) the injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV. FACTS COMMON TO ALL CLAIMS

### A. The Global Problem of Software Piracy

10. Software developers lose billions of dollars in annual revenue from software piracy, namely, the unauthorized and unlawful copying, downloading, and distributing of copyrighted and trademarked software and related components. In 2013, the commercial value of pirated software in the United States was in excess of $9.7 billion. *See* Business Software Alliance, *The Compliance Gap: Global Software Survey* (June 2014), http://globalstudy.bsa.org/2013/downloads/studies/2013GlobalSurvey_Study_en.pdf.

11. One prominent form of software piracy is known as "hard-disk loading"—the unauthorized copying and installation of infringing software on devices and offering those devices in competition with, and often for lower prices than, devices pre-installed with legally licensed copies of software.

12. Software developers, like Microsoft, are not the only victims of software piracy. Microsoft's customers are also victims as they are often deceived by distributors of pirated software who go to great lengths to make the software appear genuine. When this occurs, customers may unwittingly expose themselves to security risks associated with the use of pirated software. *See* Federal Bureau of Investigation, *Consumer Alert: Pirated Software May*

COMPLAINT (No. 2:15-cv-00714) – 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 26711081v1 0025936-002191

*Contain Malware*, Aug. 1, 2013, at http://www.fbi.gov/news/stories/2013/august/pirated-software-may-contain-malware/ (noting the relatively greater risk that pirated software is infected with malicious software, or "malware," which can be used to record keystrokes and thus capture sensitive information such as user names, passwords, and Social Security numbers).

**B.     Microsoft's Software and Intellectual Property**

13.     Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on distributable media, such as DVDs, or are made available for download through various authorized distribution channels.

14.     **Windows 7:** Microsoft has developed, advertises, markets, distributes, and licenses a computer operating system called Microsoft Windows 7 ("Windows 7"). Microsoft holds a valid copyright in Windows 7 that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows 7, bearing the number TX 7-009-361, is attached as *Exhibit 1*.

15.     Microsoft has also duly and properly registered a number of trademarks and service marks in the United States Patent and Trademark Office on the Principal Register, including without limitation:

(a)     "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

(b)     WINDOWS, Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit;

(c)     "FLAG DESIGN TWO (B/W)," Trademark Registration No. 2,738,877, for computer software;

(d)     "FLAG DESIGN TWO (COLOR)," Trademark Registration No. 2,744,843, for computer software;

COMPLAINT (No. 2:15-cv-00714) – 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 26711081v1 0025936-002191

True and correct copies of the Trademark Registrations for (a) through (d) above are attached as ***Exhibits 2 through 5***, respectively.

### C. Microsoft's Distribution Channels for Software

16. Microsoft distributes its software through a number of distribution channels, including the Original Equipment Manufacturer (OEM) channel.

17. The Original Equipment Manufacturer ("OEM") distribution channel is one through which Microsoft software is distributed to computer and device manufacturers called OEMs. OEMs customarily pre-install software on the devices they build including, most commonly, the Microsoft Windows operating system.

18. The OEM distribution channel involves sub-channels that supply Microsoft software to different categories of OEMs. Two of these sub-channels are relevant for purposes of this complaint: the Commercial OEM channel and the Direct OEM channel.

19. Through the Commercial OEM ("COEM") channel, Microsoft and a large number of authorized distributors supply what is called "system builder" software to small and medium-sized OEMs for pre-installation on devices. As described in detail below, this software is required to be individually activated on each device.

20. Through the Direct OEM ("DOEM") channel, Microsoft directly provides software to large computer manufacturers, such as Dell and Lenovo, for pre-installation on devices. The DOEMs acquire some components associated with the Microsoft software from Microsoft Authorized Replicators ("ARs").

### D. Product Activation

21. Like many other software developers, Microsoft has implemented a wide-range of initiatives to protect its customers and combat theft of its intellectual property. One important tool in Microsoft's anti-piracy protection arsenal is its product activation system, which involves the activation of software through product keys.

22. A Microsoft product key is a 25-character alphanumeric string generated by Microsoft and provided to customers and OEMs. Generally, when customers or OEMs install

COMPLAINT (No. 2:15-cv-00714) – 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 26711081v1 0025936-002191

Microsoft software on a device, they must enter the product key. Then, as part of the activation process, customers and/or OEMs voluntarily contact Microsoft's activation servers over the Internet and transmit their product keys and other technical information about their device to the servers. Most or all of the activations involved in this matter contacted servers that are physically located in Tukwila, Washington.

23. The activation process is analogous to the activation of credit cards or mobile phones with a code provided by the financial institution or the mobile carrier. Because Microsoft's copyrighted software is capable of being installed on an unlimited number of computers, Microsoft relies on the product activation process to detect piracy and protect consumers from the risks of non-genuine software.

24. In the OEM channel, each *copy* of genuine Microsoft Windows and Office software that is purchased is distributed with a product key unique to that copy of the software— thus, if a customer purchases ten computers with Windows 7 installed, the customer is supplied with ten unique product keys.

25. Windows Product activation works differently in the COEM and DOEM channels. COEMs are required to use individual product keys to install and activate software on the computer system. DOEMs, on the other hand, use a master key to install Windows 7 software, and provide each customer with a "recovery" product key to use if the Windows 7 software ever needs to be reinstalled on that computer.

**E. Microsoft's Use of Cyberforensics to Combat Piracy**

26. To support Microsoft's global efforts to combat the piracy of its software, Microsoft recently launched the Microsoft Cybercrime Center. *See* Microsoft Cybercrime Center, http://www.microsoft.com/government/ww/safety-defense/initiatives/Pages/cybercrime-center.aspx. Among other tools, the Cybercrime Center relies on investigative methods that leverage state-of-the-art technology to detect software piracy. Microsoft refers to these methods as "cyberforensics."

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 26711081v1 0025936-002191

27.     As part of its cyberforensic methods, Microsoft analyzes product key activation data voluntarily provided by users when they activate Microsoft software, including the IP address from which a given product key is activated.  An IP address is a numerical identifier used to uniquely identify an internet-capable device when the device is connected to the Internet.  An IP address is ordinarily assigned to an internet user (whether an individual or an entity) by the user's Internet Service Provider ("ISP").

28.     Entities charged with managing and administering internet numbering resources, including IP addresses, publish information about IP address assignment and registration in publicly-searchable databases.  Akin to an IP address "phone book," these databases can be used to associate each IP address with the individual or entity assigned to use that address.  In some cases, the listed individual or entity is actually using the IP address; in other cases, the listed individual or entity is an ISP who has assigned the IP address to one of its customers.  Thus, in some instances, the identity of the individual or entity associated with a particular IP address is publicly available; in other instances, the identity of the individual or entity can only be obtained from the ISP assigned to that IP address.

29.     Cyberforensics allows Microsoft to analyze billions of activations of Microsoft software and identify activation patterns and characteristics that make it more likely than not that the IP address associated with the activations is an address through which pirated software is being activated.  These characteristics include, but are not limited to, software activations with:

   a. Product keys known to have been stolen from Microsoft's supply chain or which have never been issued by Microsoft with a valid license;

   b. DOEM product keys impermissibly used in the COEM and/or refurbisher channel;

   c. Subscription program product keys used in a manner not authorized by the applicable license (such as product keys intended for educational institutions used by commercial entities);

COMPLAINT (No. 2:15-cv-00714) – 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 26711081v1 0025936-002191

      d.     OEM product keys issued for use in a certain geographical region being used in a different region; or

      e.     Any type of product key used more times than is authorized by the applicable software license.

**F. Defendants' Infringing Conduct**

30. Microsoft's cyberforensics have identified a number of product key activations originating from IP addresses 71.165.228.206 and 72.67.78.240 ("the IP addresses"), which are presently assigned to Verizon Online LLC. On information and belief, at certain times relevant to the complaint, Defendants used both of these IP addresses in furtherance of the unlawful conduct alleged herein. These activations have characteristics that on information and belief, establish that the same Defendants used both IP addresses to activate pirated software.

31. On information and belief, Defendants have activated numerous copies of Windows 7 with product keys that have the following characteristics:

      a.     Product keys known to have been stolen from Microsoft's supply chain or which have never been issued by Microsoft with a valid license;

      b.     DOEM product keys impermissibly used in the COEM and/or refurbisher channel; and

      c.     Subscription program product keys used in a manner not authorized by the applicable license (such as product keys intended for educational institutions used by commercial entities);

      d.     OEM product keys issued for use in a certain geographical region being used in a different region; and

      e.     Product keys of various types used more times than is authorized by the applicable software license.

32. On information and belief, each of these activations constitutes the unauthorized copying, distribution, and use of Microsoft software, in violation of Microsoft's software licenses and its intellectual property rights.

COMPLAINT (No. 2:15-cv-00714) – 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 26711081v1 0025936-002191

33. On information and belief, Defendants have committed and continue to commit acts of copyright and trademark infringement against Microsoft. On information and belief, at a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered copyrights, trademarks, and service mark.

34. On information and belief, Microsoft has been harmed by Defendants' advertising activities, including the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing.

## V.   CAUSES OF ACTION

### First Claim
### Copyright Infringement - 17 U.S.C. § 501 *et seq.*

35. Microsoft is the sole owner of Microsoft Windows 7, and of the corresponding copyrights and Certificates of Registration with the registration numbers listed above.

36. Defendants have infringed Microsoft's copyrights by reproducing and/or distributing Microsoft software in the United States of America without approval or authorization from Microsoft.

37. At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered copyrights.

38. As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages and Defendants' profits attributable to the infringement. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

39. The award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

40. Microsoft is further entitled to injunctive relief and an order impounding all infringing materials. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value; (b) Defendants' infringement harms

COMPLAINT (No. 2:15-cv-00714) – 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 26711081v1 0025936-002191

Microsoft such that Microsoft could not be made whole by any monetary award; and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## Second Claim
## Trademark Infringement – 15 U.S.C. § 1114

41. Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark with the registration numbers listed above.

42. Microsoft advertises, markets, distributes, and licenses its software and related components under the trademarks and service mark described above and uses these trademarks and service mark to distinguish Microsoft's products from the software and related items of others in the same or related fields.

43. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software programs and related components or services of Microsoft.

44. The infringing materials that Defendants have and are continuing to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

45. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, offering, and/or distributing originate with or are authorized by Microsoft, thereby harming Microsoft, its licensees, and the public.

46. At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered marks.

47. As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

COMPLAINT (No. 2:15-cv-00714) – 10

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 26711081v1 0025936-002191

48. Microsoft is further entitled to injunctive relief and an order compelling the impounding of all infringing materials. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) Microsoft's trademarks and service mark are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement constitutes harm to Microsoft's reputation and goodwill such that Microsoft could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials; and (d) Defendants' wrongful conduct, and the resulting harm to Microsoft, is continuing.

### Third Claim
### Imposition of a Constructive Trust

49. Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

50. By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

51. On information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced. All such money and profits, in whatever form, are held by Defendants as a constructive trustee for Microsoft.

### Fourth Claim
### Accounting

52. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to the acts of infringement.

53. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

54. The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise

COMPLAINT (No. 2:15-cv-00714) – 11

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 26711081v1 0025936-002191

number of units of infringing material advertised, marketed, installed, offered or distributed by Defendants.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully prays for the following relief:

A.   That the Court enter judgment in Microsoft's favor on all claims;

B.   That the Court restrain and enjoin Defendants, their directors, principals, officers, agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with it, from:

   (i)   copying or making any other infringing use or infringing distribution of Microsoft's software and other intellectual property including but not limited to the software identified by the Trademark, Service Mark, and Copyright Registration Numbers listed above;

   (ii)   manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any Microsoft software or other intellectual property bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed above;

   (iii)   using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software, component, and/or other item not authorized or licensed by Microsoft;

   (iv)   engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

COMPLAINT (No. 2:15-cv-00714) – 12

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 26711081v1 0025936-002191

    (v)  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities listed above;

   C.  That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and 17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related item, including business records, that are in Defendants' possession or under their control;

   D.  That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, the illegal profits obtained from their distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' unlawful activities;

   E.  That Defendants be required to pay all general, special, actual, and statutory damages which Microsoft has sustained, or will sustain, as a consequence of Defendants' unlawful acts, and that such damages be enhanced, doubled, or trebled as provided for by 17 U.S.C. § 504(c) and 15 U.S.C. § 1117(b);

   F.  That Defendants be required to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by Microsoft in prosecuting this action, as provided for by 15 U.S.C. § 1117 and 17 U.S.C. § 505; and

   G.  That the Court grant Microsoft such other, further, and additional relief as the Court deems just and equitable.

   DATED this 6th day of May, 2015.

              Davis Wright Tremaine LLP
              *Attorneys for Plaintiff Microsoft Corp.*

              By *s/ James Harlan Corning*
                 James Harlan Corning, WSBA # 45177
                 1201 Third Avenue, Suite 2200
                 Seattle, WA  98101-3045
                 Tel: (206) 622-3150
                 Fax: (206) 757-7700
                 Email: jamescorning@dwt.com

COMPLAINT (No. 2:15-cv-00714) – 13

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 26711081v1 0025936-002191